# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN MICHIGAN

HEATHER ROSSI,

    Plaintiff,

v.

WAYNE COUNTY AIRPORT AUTHORITY,

    Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Heather Rossi (hereinafter "Plaintiff"), by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff, Heather Rossi is a resident of the City of Trenton, County of Wayne and State of Michigan.

2. Defendant, Wayne County Airport Authority (hereinafter "WCAA") is a governmental entity and is duly authorized to do business in the County of Wayne and State of Michigan.

3. The events producing the original injury occurred in the County of Wayne, State of Michigan, and Jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Family and Medical Leave Act ("FMLA").

5. Plaintiff has also been discriminated against and sustained damages due to her disability and has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging claims under the Americans with Disabilities Act ("ADA").

6. Plaintiff has not yet received a Right to Sue letter from the EEOC, but will amend her Complaint upon receipt of the Right to Sue letter to add claims under the ADA.

7. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## **GENERAL ALLEGATIONS**

8.  Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9.  Plaintiff began her employment with WCAA in 2016 as a communications specialist, and was promoted to a supervisor in December of 2018.

10. In 2014 Plaintiff was diagnosed with irritable bowel syndrome (IBS) and chronic flares of diverticulitis which qualify as disabilities and substantially interfere with major life activities.

11. Plaintiff's diagnoses occasionally required her to take time off for hospitalization to receive intravenous antibiotics and hydration, manage her symptoms, and for doctor visits.

12. Plaintiff was approved for intermittent FMLA time which she would occasionally use to care for her symptoms.

13. In late September 2018, Plaintiff's supervisor, Cory Noble (hereinafter "Noble") pulled Plaintiff aside and informed her that she is due for a promotion, but he needs someone who is not going to be out on FMLA all the time.

14. Later that same month Noble approached Plaintiff again and informed her that she is being watched closely, and advised that she not take any FMLA

time to treat her illness because it would make Plaintiff look bad and could jeopardize her opportunity for promotion.

15. Noble's comments created a hostile work environment due to her disability as Plaintiff felt intimidated and feared that she would be denied a promotion due to her disability.

16. As a result of Noble's threats, Plaintiff attempted to avoid using FMLA time at the expense of her health and well-being.

17. Plaintiff was promoted to supervisor in or around December of 2018.

18. After being promoted to Supervisor, Plaintiff sought another promotion to Manager which had recently been posted.

19. Due to her disability and use of FMLA time Noble told Plaintiff she could not apply for the Manager position.

20. Plaintiff complained to Defendant's Human Resources Department ("HR Department") that Noble was denying her the opportunity to apply for the Manager position due to her disability and use of FMLA.

21. Defendant's HR Department agreed with Plaintiff and allowed her to apply for the position.

22. In or around February 2019 Plaintiff applied for a Manager position with Defendant.

4

23. On or about February 18, 2019 Plaintiff interviewed for the manager position.

24. Noble was one of the four people interviewing Plaintiff for the manager position, despite his previous threats to her that her disability and use of intermittent FMLA would jeopardize her career.

25. Even though Plaintiff excelled at her job and was very qualified for the manager position, she was denied the promotion due to her disability.

26. In fact, on February 22, 2019 Defendant called Plaintiff and told her she "failed" the interview.

27. Plaintiff was shocked and confused by being told she "failed" the interview and sought a better explanation, but none was given.

28. Defendant's comment that Plaintiff "failed" the interview was pretextual and fabricated to justify Defendant, denying Plaintiff a promotion due to her disability and use of FMLA leave.

29. Upon information and belief the Manager position was given to a less qualified individual who did not suffer from a disability or use FMLA leave.

30. On or about February 25, 2019, Plaintiff accepted a voluntary demotion because she was fearful of losing her job because of her disability, and for taking FMLA time and tending to her health.

31. Defendants' discriminatory actions were due to her disability and use of FMLA leave and were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

32. On or about March 8, 2019 Plaintiff filed a Charge of Discrimination with the EEOC for Defendant's violations of the ADA and has not yet received a Right to Sue letter.

33. Plaintiff will amend her Complaint upon receipt of the Right to Sue letter to add allegations under the ADA.

## COUNT I
## VIOLATION OF THE FMLA

34. Plaintiff incorporates by reference paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. WCAA was Plaintiff's "employer" within the meaning of the FMLA.

36. Plaintiff requested and was approved for intermittent FMLA leave by Defendant, WCAA.

37. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating against Plaintiff in significant part because she exercised rights under the FMLA.

38. Defendant has also taken adverse employment actions against Plaintiff due to her disability by refusing to promote her due to disability and use of FMLA.

39. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

40. Plaintiff incorporates by reference paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. WCAA was Plaintiff's "employer" within the meaning of 29 U.S.C. § 2614(a)(1).

42. Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions.

43. Plaintiff engaged in activity protected by the FMLA when she requested and was given the impression, she was approved for FMLA leaves.

44. The FMLA leaves were approved by Defendant.

45. Defendant took adverse action against Plaintiff by threatening to withhold a promotion for using FMLA time.

46. As a result of Plaintiff asserting her right to a FMLA leave, she was subjected to adverse employment actions, including being denied promotions due to her disability and use of FMLA.

47. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

    a. Loss of income;

    b. Loss of fringe benefits;

    c. Emotional pain and suffering;

    d. Severe mental anguish and distress;

    e. Embarrassment and humiliation;

    f. Loss of earnings and other employment benefits; and

    g. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF THE MICHIGAN
## PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

48. Plaintiff incorporates by reference Paragraphs 1 through 47 above as though more fully set forth herein.

49. Plaintiff suffers from PTSD which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* ("PWDCRA").

50. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

51. Plaintiff's disability was a factor in Defendants employment decisions, including, but not limited to refusing to promote her.

52. Defendant is an employer within the meaning of the PWDCRA and Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused to be reasonably accommodated by Defendant.

53. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

54. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

  b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

  c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful; and

  d. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

55. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

56. As a direct and proximate result of Defendants' harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendants to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

  a. Economic damages;

  b. Mental anguish;

  c. Fright;

  d. Shock;

  e. Embarrassment;

  f. Outrage;

  g. Anxiety;

  h. Emotional distress;

  i. Loss of self-esteem; and

  j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

                                Respectfully submitted,

                                **BATEY LAW FIRM, PLLC**

                         By: /s/Scott P. Batey
                              SCOTT P. BATEY (P54711)
                              Attorney for Plaintiff
                              30200 Telegraph Road, Suite 400
                              Bingham Farms, Michigan 48025
                              (248) 540-6800
                              sbatey@bateylaw.com

Dated:  October 23, 2019

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Heather Rossi, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  October 23, 2019

LOCAL RULE CERTIFICATION: I, Scott P. Batey, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

                Respectfully submitted,

                **BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  October 23, 2019