**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HEATHER ROSSI,

    Plaintiff,

v.

WAYNE COUNTY AIRPORT
AUTHORITY,

    Defendant.
_____/

Case No. 19-cv-13113
Hon. Sean F. Cox

Magistrate Judge:
Hon. Anthony P. Patti

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND**
**RELIANCE ON DEMAND FOR JURY TRIAL**

Defendant Wayne County Airport Authority ("Defendant" or "WCAA"), through its attorneys, answers and affirmatively defends against Plaintiff's Complaint as follows:

1.    In answer to paragraph 1 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations therein and leaves Plaintiff to her strict proofs.

2.    In answer to paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations therein.

3.    In answer to paragraph 3 of Plaintiff's Complaint, Defendant admits only that venue is appropriate here.  However, in further answer, Defendant denies any liability to Plaintiff and her alleged damages.

4. In answer to paragraph 4 of Plaintiff's Complaint, Defendant admits only that this Court has jurisdiction over this dispute. However, in further answer, Defendant denies any liability to Plaintiff and her alleged damages.

5. In answer to paragraph 5 of Plaintiff's Complaint, Defendant nether admits nor denies that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and leaves Plaintiff to her strict proofs. Defendant denies the balance of the allegations in paragraph 5 because they are untrue.

6. In answer to paragraph 6 of Plaintiff's Complaint, Defendant nether admits nor denies the allegations therein and leaves Plaintiff to her strict proofs.

7. In answer to paragraph 7 of Plaintiff's Complaint, Defendant admits only that Plaintiff pled the jurisdictional minimum in this Court. However, in further answer, Defendant denies any liability to Plaintiff and her alleged damages.

## GENERAL ALLEGATIONS

8. Defendant incorporates by reference the answers in paragraphs 1 through 7 above.

9. In answer to paragraph 9 of Plaintiff's Complaint, Defendant admits only that Plaintiff's personnel file with the WCAA reflects that she commenced employment on May 2, 2016 as a communications specialist and, subsequently, the WCAA promoted her operations supervisor on December 3, 2018.

10. In answer to paragraph 10 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations therein and leaves Plaintiff to her strict proofs.

11. In answer to paragraph 11 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations therein and leaves Plaintiff to her strict proofs.

12. In answer to paragraph 12 of Plaintiff's Complaint, Defendant admits only that it granted Plaintiff's requests for leave pursuant to the Family and Medical Leave Act ("FMLA").

13. In answer to paragraph 13 of Plaintiff's Complaint, Defendant denies that "Plaintiff's supervisor [] Cory Noble…pulled Plaintiff aside and informed her that she is due for a promotion, but he needs someone who is not going to be out on FMLA all the time," because the allegation is untrue.

14. In answer to paragraph 14 of Plaintiff's Complaint, Defendant denies that "Noble approached Plaintiff again and informed her that she is being watched closely, and advised that she not take any FMLA time to treat her illness because it would make [her] look bad and could jeopardize her opportunity for promotion."

15. In answer to paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

16. In answer to paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

17. In answer to paragraph 17 of Plaintiff's Complaint, Defendant admits only that Plaintiff's personnel file with the WCAA reflects that the WCAA promoted her to an operations supervisor position on December 3, 2018.

18. In answer to paragraph 18 of Plaintiff's Complaint, Defendant admits only that Plaintiff applied and interviewed for the training coordinator position.

19. In answer to paragraph 19 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

20. In answer to paragraph 20 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

21. In answer to paragraph 21 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

22. In answer to paragraph 22 of Plaintiff's Complaint, Defendant admits only that Plaintiff applied for the training coordinator position on November 21, 2018.

23. In answer to paragraph 23 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations therein and leaves Plaintiff to her strict proofs.

24. In answer to paragraph 24 of Plaintiff's Complaint, Defendant admits only that Corey Noble was a member of the interview panel for the position. In further answer, Defendant specifically denies that Corey Noble threatened Plaintiff

or made negative remarks regarding her FMLA use or alleged disability, because these allegations are untrue.

25. In answer to paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

26. In answer to paragraph 26 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

27. In answer to paragraph 27 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

28. In answer to paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

29. In answer to paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

30. In answer to paragraph 30 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

31. In answer to paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

32. In answer to paragraph 32 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations therein and leaves Plaintiff to her strict proofs.

33. In answer to paragraph 33 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations therein and leaves Plaintiff to her strict proofs.

## COUNT I

## ALLEGED VIOLATION OF THE FMLA

34.   Defendant incorporates by reference the answers in paragraphs 1 through 33 above.

35.   Paragraph 35 of Plaintiff's Complaint states a legal conclusion and therefore no answer is necessary.

36.   In answer to paragraph 36 of Plaintiff's Complaint, Defendant admits that it granted Plaintiff's requests for leave pursuant to FMLA.

37.   Paragraph 37 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

38.   In answer to paragraph 38 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

39.   In answer to paragraph 39 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

**WHEREFORE**, Defendant Wayne County Airport Authority respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

## COUNT II

## ALLEGED DISCRIMINATION IN VIOLATION OF 29 USC § 2614(a)(1)

40.   Defendant incorporates by reference the answers in paragraphs 1 through 39 above.

41. Paragraph 41 of Plaintiff's Complaint states a legal conclusion and therefore no answer is necessary.

42. Paragraph 42 of Plaintiff's Complaint states a legal conclusion and therefore no answer is necessary.

43. In answer to paragraph 43 of Plaintiff's Complaint, Defendant admits that it granted Plaintiff's requests for leave pursuant to FMLA. In further answer, Defendant denies the innuendo to the contrary.

44. In answer to paragraph 44 of Plaintiff's Complaint, Defendant admits that it granted Plaintiff's requests for leave pursuant to FMLA.

45. In answer to paragraph 45 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

46. In answer to paragraph 46 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

47. In answer to paragraph 47 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

**WHEREFORE**, Defendant Wayne County Airport Authority respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

## COUNT III

## ALLEGED VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES ACT

48. Defendant incorporates by reference the answers in paragraphs 1 through 47 above.

49. In answer to paragraph 49 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations therein and leaves Plaintiff to her strict proofs.

50. No answer is necessary to paragraph 50 because it states a legal conclusion.

51. In answer to paragraph 51 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

52. In answer to paragraph 52 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

53. In answer to paragraph 53 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

54. In answer to paragraph 54 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

55. In answer to paragraph 55 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

56. In answer to paragraph 56 of Plaintiff's Complaint, Defendant denies the allegations therein because they are untrue.

**WHEREFORE**, Defendant Wayne County Airport Authority respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Defendant afforded Plaintiff all rights to which she was entitled under the FMLA and neither interfered with nor retaliated against Plaintiff regarding these rights.

3. Plaintiff's Complaint is barred, in whole or in part, because Defendant had legitimate, non-discriminatory, and non-retaliatory reasons for its actions and these reasons were not a pretext for either discrimination or retaliation.

4. Plaintiff's claim under the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, et seq, is barred by her failure to follow its procedural requirements.

5. Defendant possesses and implements policies prohibiting discrimination based on any protected category and retaliation based on any protected activity, and these policies provide employees a reasonable remedial procedure. In this case, Plaintiff unreasonably failed to utilize these procedures.

6. Plaintiff failed to request a reasonable accommodation from the WCAA at any point during her employment.

9

7. Plaintiff's Complaint is barred, in whole or in part, because Defendant did not treat Plaintiff differently than any similarly situated individuals, and Plaintiff cannot otherwise state a prima facie claim of discrimination.

8. Plaintiff's Complaint is barred by her unreasonable failure to exhaust available internal and/or administrative remedies.

9. Defendant had no actual or constructive notice of the conduct alleged in Plaintiff's Complaint and was therefore deprived of the opportunity to investigate and/or take prompt remedial action if necessary.

10. Plaintiff's alleged damages were caused by her actions/inactions or the actions/inactions of third parties.

11. Plaintiff's alleged damages are barred by her own wrongful, negligent, improper, bad faith or inequitable conduct; in addition, any alleged injury is preexisting.

12. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period—statutory or contractual—or the doctrine of laches.

13. Plaintiff has failed to take reasonable actions to mitigate her alleged damages.

14. Plaintiff's alleged damages are, in whole or in part, too speculative to be recoverable.

15.    Plaintiff's claims are barred, in whole or in part, by the after acquired evidence doctrine.

16.    Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

17.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

18.    Defendant reserves the right to amend or supplement these affirmative defenses as may become necessary through discovery.

**WHEREFORE**, Defendant Wayne County Airport Authority respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

### RELIANCE ON DEMAND FOR JURY TRIAL

Defendant Wayne County Airport Authority hereby relies on Plaintiff's Demand for Jury Trial.

    Respectfully Submitted,

    **THE ALLEN LAW GROUP, P.C.**

    /s/ Kevin J. Campbell
By:  Kevin J. Campbell (P66367)
    Monica Hunt (P68838)
    3011 W. Grand Blvd., Suite 2500
    Detroit, Michigan 48202
    (313) 871-5500
    kcampbell@alglawpc.com
    mhunt@alglawpc.com

Dated:  December 12, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2019, I did serve the foregoing pleadings with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

                                                            By:    /s/ Kevin J. Campbell
                                                                      Kevin J. Campbell (P66367)
                                                                      3011 W. Grand Blvd., Suite 2500
                                                                      Detroit, Michigan 48202
                                                                       (313) 871-5500
                                                                       kcampbell@alglawpc.com